UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ATTAH EVAN KAWESI,

        Petitioner,

  -v-

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------x

No. 04 Cr. 1106 (LTS)
No. 10 Civ. 5127 (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 19 APR 2011

## MEMORANDUM ORDER

On August 31, 2007, Petitioner Attah Evan Kawesi ("Kawesi") was sentenced by this Court principally to 262 months of imprisonment and five years of supervised release. The sentence was imposed following a guilty plea entered before Magistrate Judge Dolinger, through which Kawesi admitted to a violation of 21 U.S.C. § 963 (relating to his participation in a conspiracy to import heroin). The Court accepted Kawesi's guilty plea on November 2, 2006.

Kawesi pled guilty after entering into a plea agreement with the Government stipulating to a sentencing range of 151 to 188 months of imprisonment, pursuant to the advisory United States Sentencing Guidelines. Kawesi later filed a motion to withdraw his guilty plea, but withdrew the motion on May 31, 2007. In his July 7, 2007, sentencing submission, Kawesi objected to the Guidelines offense level stipulated to in his plea agreement and reflected in the Pre-Sentence Report, and asked the Court to impose the mandatory minimum sentence of 120 months of imprisonment. Kawesi withdrew these objections at the August 31, 2007, sentencing hearing.

At the sentencing hearing, the Court made several findings, including that Kawesi's conduct after entering into the plea agreement merited a two-level Guidelines enhancement for obstruction of justice, and denied Kawesi any reduction for acceptance of responsibility.

(Sentencing Tr. 20:25-22:23, Aug. 31, 2007.) Judgment was entered on September 4, 2007. Kawesi appealed his sentence on September 7, 2007, challenging the Guidelines enhancements on the grounds that the Court did not explicitly find Kawesi to be in breach of his plea agreement. The Judgment of the Court was affirmed, and the mandate from the Court of Appeals issued on March 11, 2009. Kawesi, proceeding pro se, filed the instant motion for relief from his sentence pursuant to 28 U.S.C. § 2255.

Kawesi challenges the validity of his sentence, claiming that defense counsel was ineffective for failing to file a speedy trial motion in connection with several adjournments of pretrial proceedings. Kawesi further claims that counsel was ineffective for failing to inform him of the Government's burden of proof and the risk of deportation following the entry of a guilty plea, for withdrawing certain objections to the Pre-Sentence Report, and for advising him to enter into a plea agreement despite Kawesi's alleged lack of competency to enter into such an agreement. Finally, Kawesi claims that the Government breached the plea agreement by pressing the Court to adopt a Guidelines range greater than the range recited in the plea agreement.

The Court has considered thoroughly all of the parties' submissions. For the following reasons, the Motion is denied.

Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must satisfy the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984). A movant must show first "that counsel's performance was deficient, that is, the attorney made errors so serious that the representation fell below an objective standard of reasonableness," and second, that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 687-88, 95. Regarding the first prong, the Court must

make "every effort . . . to eliminate the distorting effects of hindsight" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007) (citing Strickland, 466 U.S. at 689). With respect to the second prong, prejudice is shown if, but for the deficient performance, there was a "reasonable probability" that the outcome of the proceeding would have been different. A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 694).

Kawesi first claims that his counsel was ineffective for failing to file a speedy trial motion. However, the record shows that time was properly excluded by the Court from Kawesi's initial presentment on August 23, 2005, through the entrance of his guilty plea on September 18, 2006. (See Docket Entry No. 23-50.) A speedy trial motion would therefore have been denied. Counsel's failure to make a speedy trial motion that would have been unsuccessful does not constitute ineffective assistance. U.S. v. Gomez, 644 F. Supp. 2d 362, 369 (S.D.N.Y. 2009) (citing Boyd v. Hawk, 965 F. Supp. 443, 450 (S.D.N.Y. 1997)).

Kawesi's additional claims of ineffective assistance are similarly without merit. Kawesi claims that he was not informed of the Government's burden of proof and the risk of deportation upon conviction, but these claims are contradicted by the record; Kawesi's plea allocution shows he was fully aware of the Government's burden of proof (Plea Tr. 8:17-10:25, 15:11-17:22), as well as the risk of deportation. (Plea Tr. 8:5-11.)

Kawesi also argues that counsel was ineffective for withdrawing certain objections to the Guidelines offense level included in the Pre-Sentence Report. However, counsel's

withdrawal of these objections before sentencing was an attempt to allow Kawesi "the benefit of the plea agreement again" (Sentencing Tr. 5:9-18, Aug. 31, 2007), and can be construed as the most prudent course of action available at the time. Kawesi has thus failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Bell, 500 F.3d at 156.

Finally, Kawesi argues that counsel was ineffective for erroneously advising him to enter into a plea agreement despite Kawesi's alleged lack of competency to enter into the agreement.[1] This argument is wholly without merit. The record reflects that Kawesi was fully competent to proceed and to enter into a guilty plea pursuant to his plea agreement (Plea Tr. 5:19-11:18); indeed, Kawesi admits "that he understands (at least to some degree) the English language, and that he [was] provided with an interpreter in his native languag[e]." (Movant's Br. 13.) To the extent Kawesi now alleges that defense counsel was ineffective for failing to argue that, despite his admitted competency to proceed, Kawesi lacked a true understanding of the ramifications of the plea agreement, Kawesi's position is entirely baseless because the record in fact reflects that defense counsel made such an argument. (Sentencing Tr. 6:5-8:8, July 26, 2007.) Moreover, while Kawesi now claims he did not understand the ramifications of his plea agreement, the fact remains that Kawesi stood to benefit under the agreement. The agreement included a stipulated Guidelines

---

[1] It is unclear whether Kawesi claims that defense counsel was ineffective for allowing him to enter a guilty plea despite his alleged incompetency or, rather, that the Court should retroactively reject the guilty plea because it was not entered knowingly or voluntarily, due to Kawesi's alleged lack of understanding of English and the American justice system. (Movant's Br. 12-14.) To the extent that Kawesi makes a claim that the guilty plea should be invalidated because it was not entered knowingly or voluntarily, the claim is procedurally barred because it was not raised on appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003). Because Kawesi is proceeding pro se, the Court reads his petition liberally, to raise the strongest claim it suggests. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (citing Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)).

range of 151 to 188 months of imprisonment, a significant decrease from the 324 to 405 months Kawesi might have faced if he had pled without the benefit of the agreement. (Gov. Ex. A.) Counsel's sound advice to plead guilty pursuant to such a beneficial plea agreement "falls within the wide range of reasonable professional assistance," Bell, 500 F.3d at 156, and certainly did not fall below "an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.

### The Government's Alleged Breach of the Plea Agreement

Kawesi's claim that the Government breached the plea agreement is procedurally barred, as Kawesi did not present this claim on his appeal of his sentence. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 621-22 (1998)) (going on to hold that ineffective-assistance claims are not subject to the usual procedural default rule); accord Vitrano v. United States, No. 07 Civ. 11236 (JGK), 2009 WL 86984 (S.D.N.Y. Jan. 12, 2009) (citing Frady, 456 U.S. at 167-68; Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993); Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d. Cir. 1993)). The procedural default will be excused if a petitioner shows that he is "actually innocent." Bousley, 523 U.S. at 622. However, Kawesi has failed to show cause for his procedural default and the requisite prejudice, and does not claim that he is actually innocent. Kawesi's instant claim regarding the Government's alleged breach of the agreement is therefore procedurally defaulted.

Accordingly, the Court hereby denies the motion. The Clerk of Court is respectfully directed to enter judgment and close action No. 10 Civ. 5127.

SO ORDERED.

Dated: New York, New York
April 19, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge